NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| ESTATE OF HEWLETT, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> RUSSEL, ET AL., : <br> : <br> Defendants. : | Civil No. 20-13730 (RBK/AMD) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

Presently before the Court is Defendant Iconix Brand Group's Motion to Dismiss the complaint under Rule 12(b)(2) and 12(b)(6). (Doc. No. 14). For the reasons set forth below, Defendant's Motion to dismiss pursuant to Rule 12(b)(2) is **GRANTED**.

**I.      BACKGROUND**

   **A.   Factual Background**

In February of 2019, William Hewlett and Daveine Hewlett—residents of Maple Shade, New Jersey—were seriously injured in a house fire that was allegedly caused by a defective electric blanket. (Doc. No. 32, Second. Am. Compl. at ¶ 1). The electric blanket bore the Cannon trademark. (Doc. No. 14-5, Declaration at ¶ 7; Doc. No. 14-3, Form 10-K at 10–11). Within days, both passed away due to injuries sustained during the house fire. (*Id.*). Their estate has now filed suit against several corporate Defendants, including Iconix Brand Group, Inc. ("Iconix").

Iconix is a brand management company incorporated under the laws of Delaware with its principal place of business in New York. (Doc. No. 14-5, Decl. at ¶ 4). It owns a portfolio of

1

approximately 30 consumer brands, including the Cannon trademark, and has more than 430 total licenses for these brands. (*Id.* at Exhibit 1, Form 10-K at 1). As a brand management company, Iconix and its subsidiaries license brands to third parties who are responsible for manufacturing, distributing, and selling the products bearing such brands. (*Id.* at Exhibit 5 at ¶ 5). Iconix and its subsidiaries are not involved in the design, manufacture, marketing, or distribution of any products. (*Id.*). However, Iconix typically maintains the right in its licenses to obtain and approve (or object and require modification to) product and packaging provided by each licensee on an on-going basis. (*Id.* at Exhibit 1, Form 10-K at 11).

Iconix also engages in extensive marketing efforts for its brands, including creating "compelling 360 marketing campaigns" through "social/digital marketing, print, outdoor, celebrity, influencers, bloggers and other innovative strategies." (*Id.*). It also "works with major retail partners to provide assets for online, digital/social and in-store marketing." (*Id.*).

One of Iconix's wholly owned subsidiaries, Official Pillowtex LLC, entered into a non-exclusive direct-to-retail licensing agreement with Sears Holding Corporation ("Sears") to license the Cannon brand. (*Id.* at Exhibit 5, Declaration at ¶ 7). This licensing agreement was not executed in New Jersey and is not governed by New Jersey law.  (*Id.* at ¶¶ 10–11). Sears, as the alleged retailer, sold the subject electric blanket which was manufactured by Cannon Mills Company. (Doc. No. 32, Second Am. Compl. at ¶ 2).

**B. Procedural History**

On October 1, 2020, Plaintiff filed a complaint against Defendants Iconix, Cannon Mills Company, Transform SR Holding Management, LLC, Sears Roebuck & Company, and numerous John Does asserting they were liable under the New Jersey Products Liability Act. (Doc. No. 1). On November 3, Plaintiff was ordered to file an amended complaint sufficiently

2

alleging diversity jurisdiction. (Doc. No. 6). An amended complaint was filed a day later remedying the deficiencies. (Doc. No. 7). On December 15, Defendant Iconix moved to dismiss the amended complaint for failure to state a claim and lack of personal jurisdiction. (Doc. No. 14). Plaintiff then moved to amend the complaint to substitute named parties for the John Does, which was granted. (Doc. No. 26, 30). Defendant Iconix filed a letter addressing the amended complaint and requesting this Court to deem its motion to dismiss as applying to the second amended complaint. (Doc. No. 34).

## II.   LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(2)

To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). However, when a district court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and is entitled to have its allegations taken as true and all factual disputes drawn in its favor. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

Despite having all reasonable inferences drawn in its favor, the plaintiff cannot rely on the bare pleadings alone to defeat a defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 603 (3d Cir. 1990). The plaintiff must respond by establishing jurisdiction facts through sworn affidavits and competent evidence, not through mere allegations. *Id.* at 604. Thus, the Court may rely on documents outside the pleadings because a Rule 12(b)(2) motion "is inherently a matter which requires resolution of factual issues outside the pleadings, i.e., whether in personam jurisdiction actually lies." *Id.* at 603.

**III.    DISCUSSION[1]**

Defendant moves to dismiss Plaintiff's complaint on two independent grounds: failure to state a claim and lack of personal jurisdiction.[2] Because a ruling on the latter ground would obviate the need to consider the former, we will address personal jurisdiction first.

Defendant Iconix contends that it is not subject to specific personal jurisdiction because Plaintiff has not plausibly alleged that Iconix purposefully availed itself of the privilege of doing business in New Jersey nor has Plaintiff shown how its claims arises out of or relates to Iconix's contacts with New Jersey. In response, Plaintiff points to Defendant Iconix's Form 10-K which allegedly details its contacts with New Jersey, including its control over the marketing of its products, its work with major retail partners to provide assets for online and digital market, and solicitation of business through omni-channel marketing campaigns. According to Plaintiff, these contacts allegedly show that Defendant Iconix purposefully directed its marketing activities at residents of New Jersey and solicited business in New Jersey. Likewise, Plaintiff maintains that Defendant Iconix's right to approve or object and require modification of the product and packaging that is provided by each licensee demonstrates that Defendant purposefully directed its activities at residents of New Jersey. Finally, Plaintiff contends that its claims arise out of or relate to Defendant's contacts with New Jersey because Iconix's marketing efforts led to the sale of the blanket in New Jersey. Defendant's response is precise: it maintains that Iconix's national marketing efforts, by themselves, are not enough to establish personal jurisdiction and that the

---

[1] Plaintiff concedes that general personal jurisdiction over Defendant Inconix is a non-starter and our discussion is limited accordingly.

[2] We are treating Defendant's motion to dismiss as being addressed to Plaintiff's second amended complaint because the same defects raised in the original motion remain in the new pleading. *Brown v. Camden City School Dist.*, 2020 WL 6055070, at *4 (D.N.J. Oct. 13, 2020) (noting if "some of the defects raised in the original motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading.").

claims do not arise out of or relate to its contacts with New Jersey because its contacts relate to marketing of the *brand*, not the *product*.

The framework for analyzing personal jurisdiction over the parties is well known. A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law. See Fed.R.Civ.P. 4(e). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales*, 384 F.3d at 96.

Due process requires that each defendant have "minimum contacts" with the forum state (in this case New Jersey) and that the Court's exercise of jurisdiction over the parties comports with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). "Minimum contacts must have a basis in 'some act by which defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws.'" *Asahi Metal Indust. Co. v. Sup. Ct. of Cal.*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

To establish specific jurisdiction, a plaintiff must demonstrate that "a non-resident defendant has 'purposefully directed' his activities at a resident of the forum and the injury arises from or is related to those activities." *General Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir.2001) (citing *Rudzewicz*, 471 U.S. at 472). There are three steps to the specific jurisdiction inquiry: (1) the defendant must have purposefully directed its activities at the forum; (2) the litigation must "arise out of or relate to" at least one of those activities; and (3) if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comports with 'fair play and substantial justice.'" *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir.2007).

Plaintiff's evidence to support an exercise of specific personal jurisdiction over Defendant Iconix falls woefully short of establishing the first element of the prima facie case—purposeful availment. The defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Physical entrance is not required. *See Burger King*, 471 U.S. at 476; *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir.1993) ("Mail and telephone communications sent by the defendant into the forum may count toward the minimum contacts that support jurisdiction.")."[W]hat is necessary is a deliberate targeting of the forum" and thus efforts to exploit a national market are insufficient. *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018).

At most, the Form 10-K, which Plaintiff contends supports specific personal jurisdiction, establishes that Defendant targeted the national market, which necessarily included New Jersey, through its advertising campaigns. There is no indication, let alone one asserted with reasonably particularity, that Defendant deliberated targeted New Jersey. In fact, as Defendant points out and which remains uncontested by Plaintiff, the licensing agreements were not executed in New Jersey, are not governed by New Jersey law, and do not relate to the manufacture, distribution, or sale of products in New Jersey. This is not sufficient to demonstrate purposeful availment. *See Shuker,* 885 F.3d at 780 (affirming the district court's rejection of specific personal jurisdiction because the plaintiff only alleged that manufacturer's parent company sold its products through manufacturer in Pennsylvania as part of its efforts to sell products in the United States generally—not in Pennsylvania specifically) *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 104 (3d Cir. 2009) (concluding that any connection the airplane manufacturer had with Pennsylvania was a derivative benefit of its successful attempt to exploit

the United States as a national market and therefore insufficient to establish purposeful availment).

Nor does Defendant's retention of the right to obtain and approve or modify the product and packaging provided by the licensee make it automatically amenable to suit in New Jersey. *Farina v. Nokia*, 578 F. Supp. 2d 740, 751 (E.D. Pa. 2008), *aff'd sub nom. Farina v. Nokia Inc.*, 625 F.3d 97 (3d Cir. 2010) (reasoning a licensor of a trademark cannot be subject to personal jurisdiction in a state solely because its licensee is located in the state). This fact appears in the Form 10-K only as a general statement and makes no mention that Defendant exercised this right with respect to Sears. Thus, while the exercise of this control could subject Defendant Iconix to personal jurisdiction in New Jersey,[3] there is no indication that such conduct has occurred here. Not only does this statement fail to establish Defendant's contacts with reasonable particularity, but it also is too far of an inferential leap for this Court to make in the absence of other well-pleaded facts. *It's All Wireless, Inc. v. Woot, Inc.*, No. CIV.A. 10-6704, 2012 WL 3887041, at *1 (E.D. Pa. Sept. 7, 2012) (explaining the plaintiff can satisfy its burden by establishing with *reasonable particularity* sufficient contacts between the defendant and the forum state); *Arrington v. Colortyme, Inc.*, 972 F. Supp. 2d 733, 739 (W.D. Pa. 2013) (explaining we must draw in the plaintiff's favor all reasonable inferences supported by *well-pleaded facts*) (emphasis added). Accordingly, Plaintiff has failed to demonstrate that Defendant Iconix purposefully directed its activities at New Jersey.

Because Plaintiff has not satisfied the first requirement for specific personal jurisdiction—purposeful availment—we need not address the second or third requirements.

---

[3] *See Eco Pro Painting, LLC v. Sherwin-Williams Co.*, 807 F. Supp. 2d 732, 737 (N.D. Ill. 2011); *Hilsinger Co. v. FBW Invs.*, 109 F. Supp. 3d 409, 430 (D. Mass. 2015); *Sinclair v. StudioCanal*, S.A., 709 F. Supp. 2d 496, 509 (E.D. La. 2010).

*Kennedy v. Hoegh Autoliners Shipping PTE Ltd.*, No. 218CV8599ESCLW, 2021 WL 568121, at *9 (D.N.J. Feb. 16, 2021).

## IV.   CONCLUSION

For the reasons set forth above, Defendant Iconix's Motion to Dismiss for lack of personal jurisdiction is **GRANTED** without prejudice. An appropriate order follows.

Dated: 7/18/2021                                                                  s/Robert B. Kugler
                                                                                             ROBERT B. KUGLER
                                                                                             United States District Judge