NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ESTATE OF HEWLETT, : <br> : <br> Plaintiff, : <br> : Civil No. 20-13730 (RBK/AMD) <br> v. : <br> : **OPINION** <br> CANNON MILLS CO., *et al.*, : <br> : <br> Defendants. : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant Biddeford Blankets LLC's Motion to Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 42). For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

I.  BACKGROUND

   A.  Factual Background

In February 2019, William Hewlett and Daveine Hewlett, residents of Maple Shade, New Jersey, were seriously injured in a house fire allegedly caused by a defective electric blanket. (ECF No. 32, Second Am. Compl. at 3 ¶ 1). Within days, both passed away due to injuries sustained during the house fire. (*Id.*). Their estate has now filed suit against several corporate Defendants, including Biddeford Blankets, LLC ("Biddeford Blankets" or "Biddeford") under the New Jersey Products Liability Act. *See* (ECF No. 42).

   B.  Procedural History

On October 1, 2020, Plaintiff filed a complaint against Defendants Iconix, Cannon Mills Company, Transform SR Holding Management, LLC, Sears Roebuck & Company, and numerous John Does asserting they were liable under the New Jersey Products Liability Act. (ECF No. 1). On November 3, Plaintiff was ordered to file an amended complaint sufficiently alleging diversity jurisdiction. (ECF No. 6). An amended complaint was filed a day later remedying this jurisdictional deficiency. (ECF No. 7). On May 27, 2021, Plaintiff filed a motion seeking leave to file a second amended complaint to substitute named parties for the John Does, (ECF No. 26), which the Court granted, (ECF No. 30). Plaintiff filed their Second Amended Complaint on June 24, 2021, in which Plaintiff named several additional defendants in this case, including Biddeford Blankets, LLC. (ECF No. 32). On September 15, 2021, Biddeford Blankets moved to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6). (ECF No. 42, "Def. Br."). Plaintiff responded in opposition, (ECF No. 44, "Pl. Opp'n Br."), to which Defendant Biddeford replied on October 20, 2021, (ECF No. 45, "Def. Reply Br.").

## II.   LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

## III.  DISCUSSION

Defendant moves to dismiss Plaintiff's complaint on the grounds that Plaintiff has failed to state a claim under Rule 12(b)(6) and the New Jersey Products Liability Act ("NJPLA"). (Def. Br. 2–5). Both challenges ultimately boil down to a single question: whether Plaintiff has plead sufficient facts to support their claim that an electric blanket distributed by Biddeford[1] caused the house fire, and thus the deaths of William and Daveine Hewlett, in this case. *See* (*id.* at 2–5). Biddeford contends that the Second Amended Complaint "sets forth nothing more than bare conclusions without any specific allegations directed at the responsibility or involvement of Biddeford." (*Id.* at 5). The Court agrees.

To plead a prima facie case under the NJPLA, a plaintiff must show that: (1) the product was defective; (2) the defect existed when the product left the hands of the defendant; (3) the defect proximately caused injuries to the plaintiff; and (4) the injured plaintiff was a reasonably foreseeable user. *Myrlak v. Port Auth. of New York & New Jersey*, 157 N.J. 84, 97 (1999). "A

---

[1] Biddeford does not dispute that it is a distributor of electric blankets. *See* (Def. Br. 1); (Def. Reply 3).

3

product is deemed defective if it is not reasonably fit, suitable, or safe for the ordinary or foreseeable purpose for which it is sold." *Id.* This standard of liability can be established by demonstrating that there is: (1) a manufacturing defect; (2) a design defect; or (3) inadequate warnings or instructions. *Kemly v. Werner Co.*, 151 F. Supp. 3d 496, 505 (D.N.J. 2015).

Plaintiff's Second Amended Complaint is extremely sparse. Plaintiff simply alleges that the decedents "sustained serious injuries in a house fire caused by a defective electric blanket[,]" (*Id.* at 3 ¶ 1), that was designed, manufactured, and/or distributed by Biddeford Blankets, among others, (*id*. at 3 ¶¶ 2, 4). Plaintiff provides no factual basis for these averments. The Court does not credit "bald assertions" devoid of any factual support. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ("[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."). While Plaintiff need not set out detailed factual allegations in their complaint, *Twombly*, 550 U.S. at 555, Plaintiff must still allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (quoting *Phillips*, 515 F.3d at 234); *see also Clark v. Philadelphia Hous. Auth.*, 701 F. App'x 113, 116 (3d Cir. 2017) ("[T]here has to be enough in the complaint to suggest that discovery will reveal evidence of every necessary element of the claim."). It has failed to do so here.

As Plaintiff does not offer sufficient facts to support the plausibility of its claim against Biddeford, dismissal is warranted.[2] "A claim has facial plausibility when the plaintiff pleads

---

[2] In support of this argument, Biddeford points to the Burlington County Fire Marshall's investigation report of this incident, which allegedly "contains no statement, opinion or other suggestion that an electric blanket was involved in the fire." (Def. Br. 3–4). However, this Court may only consider the fire marshal's report if we convert Defendants' 12(b)(6) motion into one for summary judgment, Fed. R. Civ. P. 12(d), or if the report is "integral to or explicitly relied upon in the complaint[,]" *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Seeing as the report is not explicitly relied on or integral to the Complaint, it is not appropriate for this Court to dismiss the Complaint based on the contents of the fire marshal's report. Furthermore, the Court declines to convert the instant motion into one for summary judgment given this matter is still in the early stages of litigation and the parties have not yet engaged in discovery.

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Connelly*, 809 F.3d at 786 (quoting *Iqbal*, 556 U.S. at 678)). Though conceivable that Biddeford distributed a defective electric blanket which then caused a fire in the Hewlett home, we have no basis for reaching such a conclusion apart from Plaintiff's naked assertion to that effect. Because Plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Nevertheless, contrary to Biddeford's contention, the Court does not believe that amendment of Plaintiff's complaint would necessarily be futile such that dismissal with prejudice is appropriate here. *See* (Def. Reply Br. 4). Futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted" and is "reviewed under the 'same standard of legal sufficiency as applies under [F.R.C.P.] 12(b)(6).'" *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011) (citations and quotation marks omitted) (alteration in original). Plaintiff puts forth facts in their opposition brief that could be used to sustain a claim that a product distributed by Biddeford—an electric blanket—was (a) defective under the NJPLA and (b) involved in the fire that led to the deaths of William and Daveine Hewlett. (Pl. Opp'n Br. 1–3). Accordingly, Plaintiff may move for leave to file an amended complaint within fourteen days of the entry of this Opinion.

### IV.   CONCLUSION

For the reasons set forth above, Defendant Biddeford Blanket's Motion to Dismiss is **GRANTED without prejudice.** Plaintiff may move for leave to file an amended complaint within **fourteen (14) days** of the entry of this Opinion. An appropriate order follows.

Dated: 05/20/2022                                                                 /s/Robert B. Kugler
                                                                                            ROBERT B. KUGLER
                                                                                            United States District Judge