IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| WILLIAM A. HEWLETT, DECEASED, *et al.*, | : : : | |
| Plaintiffs, | : : | Civil No. 20-13730 (RBK/EAP) |
| v. | : : | **OPINION** |
| CANNON MILLS COMPANY, *et al.*, | : : | |
| Defendants. | : : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Plaintiffs William A. Hewlett's (Deceased), Daveine J. Hewlett's (Deceased) (together, with William A. Hewlett, the "Decedents"), and Eileen J. Hewlett's (together, with the Decedents, the "Plaintiffs") Third Motion to Amend and Correct their Complaint ("Motion") (ECF No. 50). For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion.

**I.     BACKGROUND**

   **A.     Factual Background**

In February 2019, a house fire—allegedly caused by a defective electric blanket—seriously injured Maple Shade, New Jersey residents William and Daveine Hewlett. (ECF No. 50-2, "Proposed Third Amended Complaint," First Count, ¶ 1, 4). Both died of their injuries within days. (*Id.* First Count, ¶ 1). Their estate, by and through the Hewletts' daughter, Eileen J. Hewlett, Executor of the Estate, filed suit against several corporate defendants under the New Jersey Products Liability Act ("NJPLA"). (*Id.* at 1–2, 5).

1

### B. Procedural History

On October 1, 2020, Plaintiffs filed a complaint against Defendants Iconix, Cannon Mills Company, Transform SR Holding Management, LLC, Sears Roebuck & Company, and numerous Joe Does asserting they were liable under the NJPLA. (ECF No. 1, "Original Complaint"). On November 3, 2020, the Court ordered Plaintiffs to file an amended complaint sufficiently alleging diversity jurisdiction. (ECF No. 6). Plaintiffs did so a day later, which remedied the jurisdictional defect. (ECF No. 7, "Amended Complaint"). On May 27, 2021, Plaintiffs filed a motion seeking leave to file a second amended complaint to substitute named parties for some of the John Does, (ECF No. 26), which the Court granted, (ECF No. 30). Plaintiffs filed their Second Amended Complaint on June 24, 2021, in which they named several additional defendants, including Biddeford Blankets, LLC. (ECF No. 32, "Second Amended Complaint").

On September 15, 2021, Biddeford moved to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which the Court could grant relief. (ECF No. 42). The Court granted that motion without prejudice on May 20, 2022. (ECF No. 49). Plaintiffs responded by filing this Motion for leave to amend their complaint on June 3, 2022. (ECF No. 50). Biddeford opposed the Motion on June 21, 2022. (ECF No. 51, "Def. Br.").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) says that, except when a court must allow an amendment as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts should liberally grant motions to amend pleadings, and courts must generally

grant leave to amend "unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). Reasons why a court may not allow an amendment include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Futility means that the complaint, as amended, would fail to cure a deficiency in the original complaint or fail to state a claim upon which relief could be granted." *K.K-M v. New Jersey Dep't of Educ.*, No. 17-11579, 2020 WL 6817506, at *5 (D.N.J. Nov. 20, 2020) (citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)). District courts must apply a Rule 12(b)(6) standard when reviewing futility. *Id.* Thus, if an amendment would not withstand a motion to dismiss, the trial court may deny leave to amend. *Id.*

When evaluating a motion to dismiss under Rule 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine this, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the Court should identify allegations that, "because they are no more than conclusions, are not

entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

## III.   DISCUSSION

Despite its additions, Plaintiffs' Proposed Third Amended Complaint would not survive a subsequent Rule 12(b)(6) motion to dismiss. The additions do not fully resolve the deficiencies noted in the Court's May 20, 2022 Opinion dismissing the Second Amended Complaint for failure to state a claim. (*See* ECF No. 48). The proposed complaint still does not contain sufficient facts to support the claim that a *defective* electric blanket distributed by Biddeford caused the house fire and, thus, Decedents' deaths.

To plead a prima facie case under the NJPLA, Plaintiffs must show that: (1) the product was defective; (2) the defect existed when the product left the defendant's hands; (3) the defect proximately caused Plaintiffs' injuries; and (4) Plaintiffs were a reasonably foreseeable user. *Myrlak v. Port Auth. of New York & New Jersey*, 157 N.J. 84, 97 (1999). "A product is deemed defective if it is not reasonably fit, suitable, or safe for the ordinary or foreseeable purpose for which it is sold." *Id.* Plaintiffs can meet this standard for liability by showing there is (1) a manufacturing defect; (2) a design defect; or (3) inadequate warnings or instructions." *Kemly v. Werner Co.*, 151 F. Supp. 3d 496, 505 (D.N.J. 2015).

Plaintiffs' Proposed Third Amended Complaint fails in several respects. Even if an electric blanket manufactured by or for Biddeford Blankets caused the fire that killed Decedents, Plaintiffs Proposed Third Amended Complaint fails to show that blanket: (1) was defective; (2)

4

was defective when it left any defendant's hands; and (3) caused Plaintiffs' injuries because of its defect.

To be sure, this proposed complaint—which would be the fourth complaint filed with this Court—is an improvement over the previous three. This version alleges facts that support an inference that *an* electric blanket started the fire that caused Decedents' deaths. The proposed complaint alleges that Decedents were asleep in bed when the fire started, (Proposed Third Amended Complaint, First Count, ¶ 3); they used an electric blanket "nightly during colder weather," (*Id.* First Count, ¶ 4); the fire occurred on February 5, 2019, (*Id.* First Count, ¶ 1); according to the Fire Marshal's Incident Report, the fire originated at the bed, (*Id.* First Count, ¶ 6; ECF No. 50-4); neither Decedent smoked, (*Id.* First Count, ¶ 5); and someone later found an electric blanket's original packaging in the home's garage, (*Id.* First Count, ¶ 20).

All these facts support a plausible claim that *an* electric blanket started the fire that killed Decedents. They do not, however, on their own, support a plausible claim that said blanket was defective, that it was defective when it left any defendant's hands, or that a defect caused Plaintiffs' injuries. To find such a claim plausible based on these facts requires the Court to speculate and assume facts not present in the proposed complaint.

The remaining "facts" Plaintiffs added to their proposed amended complaint—which presumably try to bridge the remaining logical gaps in their claims—are either conclusory or bald assertions unsupported by actual facts. First, Plaintiffs aver that "[t]here *should* be sufficient information and evidence to show that the electric blanket in question malfunctioned due to defective design or manufacturing which would make the manufacturer liable." (*Id.* First Count, ¶ 15) (emphasis added). To begin, the latter part of that claim relating to manufacturer liability is a legal conclusion we will disregard. *See Bell Atl. Corp.*, 550 U.S. at 555. Additionally, by

5

saying that there *should* be sufficient information later, Plaintiffs necessarily admit there is not sufficient facts now to draw such an inference. They are correct. Taking Plaintiffs' boilerplate conclusory assertions aside, (*see e.g.,* Proposed Third Amended Complaint, First Count, ¶ 25(a)–(d)), there is no factual support in their proposed complaint to support an inference that the blanket malfunctioned due to either a design defect, a manufacturing defect, or inadequate warnings or instructions.

Plaintiffs next say that "[r]esearch has shown that there is a history of electric blankets malfunctioning and causing fires due to defects in the products themselves." (*Id.* First Count, ¶ 16). Plaintiffs do not, however, inform the Court anything about this research. When was this research conducted? Who conducted it? Was it peer reviewed? Did it focus on particular brands or models? How frequent did these fires occur? What was the ratio between fires caused by electric blanket defects versus user error? Although we take Plaintiffs' allegations that someone conducted some research as true, that sentence does not support a reasonable inference that the specific blanket they allege caused the fire in their case did so because of a defect.

Finally, Plaintiffs tell us "[t]here have also been recalls on electric blankets due to their malfunctioning and resulting in fires." (*Id.* First Count, ¶ 17). Just like their assertion about research, this general statement tells us nothing about this specific case. Plaintiffs do not claim that Biddeford or any other company have ever recalled this particular electric blanket model, which they allege caused this fire, or that any of these supposed recalls occurred recently. This Court cannot assume this particular blanket model has a history of recalls or speculate that this electric blanket is defective.

Still, although it would be futile for this Court to grant Plaintiffs leave to file their Proposed Third Amended Complaint, amendment is not futile generally. Plaintiffs could

theoretically plead facts to solve their complaint's deficiencies and survive a motion to dismiss. Perhaps those facts do not exist. If so, any new proposed complaint would fail, amendment would be futile, and this Court would subsequently deny leave to amend. Be that as it may, given the case's nature, we feel compelled to allow Plaintiffs one final try.

Thus, based on the Proposed Third Amended Complaint Plaintiffs submitted, this Court finds that such amendment would not survive a Rule 12(b)(6) motion to dismiss. The complaint does not contain sufficient factual support to establish a plausible claim under the NJPLA because Plaintiffs did not establish that the blanket was defective, the blanket was defective when it left any defendant's hands, or any defect in the blanket caused Plaintiffs' injuries. As such, the Court will not grant leave to amend at this time. Plaintiffs, however, may have one final opportunity to move for leave to amend and submit a new proposed complaint.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiffs' Motion **without prejudice**. Plaintiffs may move for leave to file an amended complaint one final time within **fourteen (14) days** of this Opinion's entry. An appropriate Order follows.


Dated: February 2, 2023                              /s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge